UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-16-3

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo";<br>LEONEL QUIROS, a.k.a. "Haze";<br>COREY BEST;<br>LISETTE PEREZ;<br>STEVEN RICCELLI;<br>LUIS ARROYO; and,<br>OMAR RIVERA, a.k.a. "O" | Criminal No. 3:17CR160(VLB)<br><br>VIOLATIONS:<br><br>21 U.S.C. §§ 841(a)(1) and 846<br>(Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine)<br><br>21 U.S.C. §§ 841(a)(1) and 846<br>(Attempt to Possess with Intent to Distribute Cocaine)<br><br>18 U.S.C. § 1952(a)(1)<br>(Use of Facility to Distribute Drug Proceeds)<br><br>18 U.S.C. § 922(g)<br>(Unlawful Possession of a Firearm and Ammunition by a Convicted Felon)<br><br>18 U.S.C. § 924(c)<br>(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)<br><br>21 U.S.C. § 853<br>(Criminal Forfeiture, Controlled Substances Offenses)<br><br>21 U.S.C. § 924(d)<br>(Criminal Forfeiture, Firearms and Ammunition Offenses) |

FILED 2017 OCT 18 PM 2 00
U.S. DISTRICT COURT
NEW HAVEN, CT.

## SUPERSEDING INDICTMENT

The Grand Jury charges:

1

## COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine)

1. From approximately January 2017 through July 20, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo"; LEONEL QUIROS, a.k.a. "Haze"; COREY BEST; LISETTE PEREZ; STEVEN RICCELLI; LUIS ARROYO; OMAR RIVERA, a.k.a. "O"; and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to distribute and to possess with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

## QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

2. Defendants ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo"; LEONEL QUIROS, a.k.a. "Haze"; COREY BEST; LISETTE PEREZ; and LUIS ARROYO knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

3. Defendants OMAR RIVERA, a.k.a. "O," and STEVEN RICCELLI knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Attempt to Possess with Intent to Distribute Cocaine)

4. On or about June 9, 2017, in the District of Connecticut, the defendants ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo"; LEONEL QUIROS, a.k.a. "Haze"; and COREY BEST knowingly and intentionally attempted to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT THREE
(Use of a Facility in Interstate Commerce to Distribute the Proceeds of Drug Trafficking)

5. On or about July 12, 2017, in the District of Connecticut and elsewhere, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," used a facility in interstate commerce, namely a cellular telephone, with the intent to distribute the proceeds of an unlawful activity, namely conspiring to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, and thereafter performed and attempted to perform an act to distribute the proceeds of such unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(1).

## COUNT FOUR
(Possession with Intent to Distribute Cocaine)

6. On or about July 26, 2016, in the District of Connecticut, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," knowingly and intentionally possessed with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii).

## COUNT FIVE
(Unlawful Possession of a Firearm by a Convicted Felon)

7. On or about July 26, 2017, in the District of Connecticut, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," having been previously convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is: (1) sale of a hallucinogen, in violation of Conn. Gen. Stat. § 21a-277(a), on or about January 7, 2008, and (2) possession of narcotics with intent to distribute, in violation of Conn. Gen. Stat. § 21a-277(b), on or about February 2, 2005, did knowingly possess a firearm in and affecting interstate commerce, namely, one Taurus .357 magnum revolver bearing serial number 1J219632, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT SIX
(Unlawful Possession of Ammunition by a Convicted Felon)

8. On or about July 26, 2017, in the District of Connecticut, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," having been previously convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is: (1) sale of an hallucinogen, in violation of Conn. Gen. Stat. § 21a-277(a), on or about January 7, 2008, and (2) possession of narcotics with intent to distribute, in violation of Conn. Gen. Stat. § 21a-277(b), on or about February 2, 2005, did knowingly possess ammunition in and affecting interstate commerce, namely, forty-three (43) rounds of "Mag Tech" .38 caliber ammunition, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT SEVEN
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

9. On or about July 26, 2017, in the District of Connecticut, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," did knowingly possess a firearm, that is, one Taurus .357 magnum revolver bearing serial number 1J219632, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, as charged in Count One of this Superseding Indictment, attempted possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846, as charged in Count Two of this Superseding Indictment, and possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), as charged in Count Four of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(2).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

10. Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two and Four of this Superseding Indictment, the defendants ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo"; LEONEL QUIROS, a.k.a. "Haze"; COREY BEST; LISETTE PEREZ; STEVEN RICCELLI; LUIS ARROYO; and OMAR RIVERA, a.k.a. "O," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these

violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

11.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Superseding Indictment: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; has been substantially diminished in value; or, has been commingled with other property that cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearms and Ammunition Offenses)

12.    Upon conviction of the firearms and ammunition offenses alleged in Counts Five, Six and Seven of this Superseding Indictment, the defendant ORLANDO QUIROS, a.k.a. "O," a.k.a. "Gordo," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including one Taurus .357 magnum revolver bearing serial

number 1J219632, and all ammunition loaded in that firearm; and 43 rounds of "Mag Tech" .38 caliber ammunition.

A TRUE BILL.

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY