UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:17CR160(VLB) |
| | : | |
| ORLANDO QUIROS | : | February 9, 2019 |

## GOVERNMENT'S MEMO IN AID OF SENTENCING

On July 17, 2018, the defendant appeared before Hon. Robert A. Richardson, USMJ, and entered a plea of guilty to Count One of the superseding indictment, in which is his charged with conspiracy to possess with intent to distribute and to distribute at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, and Count Five of the superseding indictment, in which he is charged with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) .  He is scheduled for sentencing on February 14, 2019.   The government submits this memorandum to assist the Court in fashioning an appropriate sentence.

The defendant offered his plea pursuant to a written plea agreement. The plea agreement contained a Guideline stipulation.   The agreed-upon base offense level for the Count One offense is 30, based on an attribution to the defendant of at least 5 kilograms but less than 15 kilograms of a mixture and

substance containing a detectable amount of cocaine.  The parties agreed that a 3-level reduction for acceptance of responsibility would be appropriate, as well as a 4-level increase to reflect the defendant's role in the offense conduct as an organizer and leader of criminal activity that involved at least 5 people and was otherwise extensive.  The total offense level agreed to by the parties is therefore 31.  The parties calculated the defendant's Criminal History Category as II, which yields a recommended Guideline range of 121 to 151 months of imprisonment, subject to a mandatory minimum term of imprisonment of 120 months, supervised release of at least 5 years and up to life, and a fine of from $30,000 to $10 million.

The Office of Probation has completed a PSR in the case which, at Paragraphs 25 to 36, 43 and 74, calculates the defendant's recommended sentencing range as 151 to 188.  The discrepancy flows from Probation's attribution to the defendant of a 2-level increase for the possession of a weapon.  The government's perspective is that, while this is not unreasonable, the government did not include the enhancement in its agreement with the defendant because it has no evidence that the presence of the handgun in the defendant's residence was connected with the offense.  *See* U.S.S.G. § 2D1.1, Application Note 11(A).  In addition, the defendant has entered a plea of guilty to the weapons charge in the superseding indictment.  Under these

circumstances, the government urges the Court to give effect to the agreement of the parties under *United States v. Fernandez,* 877 F.2d 1138 (2d Cir. 1989), and to not assess the 2-level increase.

In light of the customarily thorough and complete review of the circumstances of the case and the defendant contained in the PSR, and the cogent and detailed memorandum filed by the defendant, the government urges the Court to consider the Guideline range and calculation of the parties and Probation, and all of the matters raised in the PSR, and to factor in its own concerns and considerations, subject, of course, to arguments which may be advanced by the defendant at sentencing and the responses thereto of the government, and to sentence the defendant within his applicable recommended Guideline range.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ H. GORDON HALL
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT05153
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3700
Fax: (203) 773-5391
Gordon.Hall@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on February 9, 2019, a copy of the foregoing Government's Memorandum, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ H. GORDON HALL
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT05153
        157 Church Street, 23rd Floor
        New Haven, CT   06510
        Tel.: (203) 821-3700
        Fax: (203) 773-5391
        Gordon.Hall@usdoj.gov