UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:17-CR-160 (VLB) |
| ORLANDO QUIROS | : | June 25, 2020 |

**DEFENSE REPLY TO GOVERNMENT'S OPPOSITION TO EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

The Defendant, Orlando Quiros, through the undersigned submits this very brief Reply Memorandum to the Government's Memorandum in Opposition. See ECF No. 352.

   I.   **The Government is Asking Mr. Quiros to Make a Choice Between Treating his Disease and Protecting Himself From COVID-19.**

As agreed upon by the parties, Mr. Quiros' disease is very serious, and very rare. His condition causes his skin to blister, his mouth breaks out in open sores. To fight the disease and keep it at bay, he is prescribed immunosuppressant medications. When he takes his medication, he is more susceptible to contracting COVID-19, because his immune system has been suppressed. To put it simply, while in a crowded prison, Mr. Quiros has to choose between treating his Pemphigus Vulgaris and protecting himself from COVID-19. While there are periods of time where his condition is manageable, when he has a flare up, this is the choice he has to make.

The Government argues, "Nonetheless, unfortunately some inmates have nevertheless become ill, and inevitably more will in the weeks and months ahead, as will many citizens not in the custody of BOP." See ECF No. 352 at 5. The Government is suggesting, that even if Mr. Quiros is released, he will be in the

same predicament (choosing to treat his Pemphigus Vulgaris and protecting himself from COVID-19). Nothing could be further from the truth. Mr. Quiros cannot protect himself in prison. He is surrounded by individuals who are sick. He can't socially distance. He has limited access to sanitizer. If this Court grants this motion, Mr. Quiros will be on home detention. He will not be allowed to leave his home. There is no truer way to socially distance than not leaving the home. He will be able to take his medication and stay away from people who could potentially be sick with COVID-19.

Mr. Quiros is asking to be placed on home detention for a period of time to be determined by this Court. He understands that this could be for the entire remainder of his sentence, until March 2027. Being on home detention for up to seven years is certainly punitive. His freedom and liberty will be severely curtailed, but he will be able to protect his health. When this Court sentenced Mr. Quiros, it handed down a sentence taking into consideration a number of factors (under 3553(a)), and it handed down its sentence thoughtfully. The Court did not have a global pandemic to consider at the time, neither did the Government or Mr. Quiros, but unfortunately that is our reality.

II.     **Transportation will not be an issue for Mr. Quiros**

The Government briefly suggests that the BOP and this Court should consider a "myriad of other factors, including the availability of transportation (when the interstate transportation services often used by released inmates are reduced, if not suspended). See ECF No. 352 at 6. Counsel has spoken to Mr. Quiros' family, and should the facility not provide Mr. Quiros with transportation back to Connecticut, they will make arrangements to pick him up and bring him home.[1]

---

[1] **Note, there have been many instances where the BOP has arranged for released inmates to be transported back to their home District, however, Counsel has**

### III. Conclusion

Mr. Quiros has nowhere left to turn but the Court. He's exhausted his administrative remedies, and the Government agrees. See ECF 352 at 3. There is no more an extraordinary and compelling circumstance than having a disease that requires a person to take immunosuppressant drugs that puts you at risk of contracting another deadly disease. Having to make a choice between suffering with open sores all over your body and mouth, and protecting yourself from COVID-19 is inhumane. Mr. Quiros has served about 25% of his sentence, and seeks the opportunity to serve up to the remaining 75% on home detention. He seeks this, not as a free pass, but for a chance to protect himself and his health.

As stated in the Defense's initial filing, Pemphigus Vulgaris is not something Counsel had been familiar with, but the research is illuminating. It compromises the body's largest organ, the skin. In a time where sanitization and cleanliness is paramount to survival, Mr. Quiros is at serious risk. The consequences for him could be fatal.

Wherefore, Mr. Quiros respectfully requests that this Court grant this Motion.

Respectfully Submitted,

THE DEFENDANT,
Orlando Quiros

FEDERAL DEFENDER OFFICE

Date: June 25, 2020      */s/ Ashley Meskill*
                         **Assistant Federal Defender**
                         **10 Columbus Blvd, Floor 6**
                         **Hartford, CT 06106**
                         **Phone: (860) 493-6260**

---

insured that there are multiple options available to Mr. Quiros to return to Connecticut.

3

Bar No.: phv10217  
Email: ashley_meskill@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Ashley H. Meskill*  
**Ashley H. Meskill**